UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-154 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Robert Lawrence Stace, | |
| Defendant. | |

---

This matter comes before the Court on Defendant Robert Lawrence Stace's Motion for Continuance of Motion Hearing (ECF No. 24) and Motion to Exclude Time Under the Speedy Trial Act (ECF No. 25). Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act (ECF No. 28). Defendant requests that the criminal motions hearing scheduled for September 24, 2020, be continued as he and his counsel need additional time to review discovery and discuss this case. (ECF Nos. 24, 25, 28.) Defendant further provides that he is currently in custody and that the Government is still providing discovery in this matter. (ECF Nos. 24, 25.) Defendant requests that the criminal motions hearing be set after November 23, 2020. The Government has no objection to the requested continuance. (*See* ECF No. 27.)

Further, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19

pandemic, addressing, among other things, criminal proceedings and trials.[1] General Order No. 18, entered on August 27, 2020, vacates General Order No. 17, entered on June 26, 2020.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 18 (D. Minn. Aug. 27, 2020).

General Order No. 18 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  General Order No. 18 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.

General Order No. 18, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and extending the COVID-19 peacetime emergency through September 11, 2020; (3) the Governor of the State of Minnesota issuing Emergency Executive Order 20-74, Continuing to Safely Reopen Minnesota's Economy and Ensure Safe Non-Work Activities during the COVID-19 Peacetime Emergency, which continues to place several restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilitates impacting

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons' modified operations affecting inmate movement; and (6) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, General Order No. 18 states the following concerning the Speedy Trial Act:

> Where appropriate, the presiding judge may enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act. The presiding judge may extend deadlines and exclude time under the Speedy Trial Act in cases even when certain proceedings are held using videoconferencing or telephone conferencing to address delays attributable to COVID-19.

The Court inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. (ECF Nos. 12, 23.) Defendant has indicated through counsel that he consents to videoconferencing for the criminal motions hearing. (ECF No. 26.) Consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the criminal motions hearing will be held by videoconference on December 10, 2020.

Therefore, pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his attorney reasonable time necessary for effective preparation and to make efficient use

of the parties' resources.  Additionally, for the reasons addressed in General Order No. 18 and the well-documented concerns regarding COVID-19, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial.  The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Continuance of Motion Hearing (ECF No. 24) is **GRANTED**.

2. Defendant's Motion to Exclude Time Under the Speedy Trial Act (ECF No. 25) is **GRANTED**.

3. The period of time from **September 9 through December 10, 2020**, shall be excluded from Speedy Trial Act computations in this case.

4. All responses to motions must be filed by **December 3, 2020**.  D. Minn. LR 12.1(c)(2).

5. Any Notice of Intent to Call Witnesses must be filed by **December 3, 2020**.  D. Minn. LR. 12.1(c)(3)(A).

6. Any Responsive Notice of Intent to Call Witnesses must be filed by **December 8, 2020**.  D. Minn. LR 12.1(c)(3)(B).

7. The criminal motions hearing is continued to **December 10, 2020, at 9:00 a.m. and will occur by ZOOMGOV videoconferencing technology.**

8. **The trial date and other related dates will be at a date and time to be determined.  Counsel must contact the Courtroom Deputy for District Judge Wilhelmina M. Wright to confirm the new trial date.**

Dated:  September  23  , 2020                     *s/ Tony N. Leung*
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *United States v. Stace*
                                                  Case No. 20-cr-154 (WMW/TNL)